UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES C. BEAL,<br><br>    Plaintiff,<br><br>  v.<br><br>SANTA CLARA COUNTY JAIL,<br><br>    Defendant._____/ | No. C 15-4310 MEJ (PR)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

## INTRODUCTION

On September 21, 2015, plaintiff, who is currently confined at the Santa Clara County Jail, filed this civil rights action pursuant to 42 U.S.C. § 1983. He has been granted leave to proceed in forma pauperis in a separate order. Based upon a review of the complaint pursuant to 28 U.S.C. § 1915A, it is dismissed with leave to amend.

## DISCUSSION

**A.**    **Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

**B.  Legal Claims**

In the portion of the form complaint where a plaintiff is instructed to provide a statement of his claim, plaintiff writes the following:

> It was 07.24.2015 Dept. 64 10:00 hours I ask to be o.r.  The public defender sed "No do not let him out." P.D. name on investigation.  I sed I going pro per & a habeas corpus.  Judge Paul Cole sed "No you don't have the right I not doing it." I cite statutes U.S. rights & Constitution.  I say to the D.A.G. Chadwick I did not do it, it's no investigation.  And I was hit by Sheriff #2 John Slalm. #3 8.11.15 15:30 hours Dept. 30 Judge Deborah Ryan D.A.L. Schon P.D. Nisceen Barauei I ask for o.r., pro per, habeas corpus, appeal, speed jury trial, subpoena duces tecum.  Judge sed "You don't have the right P.D. have to do it."  I say I am suing the P.D.  She will not let me fire the P.D.

Compl. at 3.

The Court is unable to understand enough of the complaint to determine whether it states a claim upon which relief may be granted.  The statement of plaintiff's claim is for the most part a rambling passage.  It appears that he is attempting to complain about decisions adverse to him in one or more criminal actions but may also be complaining about use of force by jail staff.  The action cannot proceed without more information.  Plaintiff will be granted leave to amend to attempt to set forth his claim(s) in a more understandable way.

In amending his complaint, plaintiff is advised that the Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citations omitted).  "Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 553-56 (2007) (citations omitted).  To state a claim that is plausible on its face, a plaintiff must allege facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S.

662, 678 (2009).

From these decisions, the following "two principles" arise: "First to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011); see, e.g., AE v. County of Tulare, 666 F.3d 631, 637 (9th Cir. 2012) (applying Starr standard to pleading policy or custom for claims against local government entities); see also McHenry v. Renne, 84 F.3d 1172, 1177-78 (9th Cir. 1996) (a complaint must make clear "who is being sued, for what relief, and on what theory, with enough detail to guide discovery").

If plaintiff is attempting to challenge a state conviction, he is advised that "'[c]hallenges to the lawfulness of confinement or to particulars affecting its duration are the province of habeas corpus.'" Hill v. McDonough, 547 U.S. 573, 579 (2006) (quoting Muhammad v. Close, 540 U.S. 749, 750 (2004)). "An inmate's challenge to the circumstances of his confinement, however, may be brought under § 1983." Id. Habeas is the "exclusive remedy" for the prisoner who seeks "'immediate or speedier release'" from confinement. Skinner v. Switzer, 131 S. Ct. 1289, 1293 (2011) (quoting Wilkinson v. Dotson, 544 U.S. 74, 82 (2005)); see Calderon v. Ashmus, 523 U.S. 740, 747 (1998); Edwards v. Balisok, 520 U.S. 641, 648 (1997); Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). "Where the prisoner's claim would not 'necessarily spell speedier release,' however, suit may be brought under § 1983.'" Skinner, 131 S. Ct. at 1293 (quoting Wilkinson, 544 U.S. at 82). As a consequence, challenges to prison conditions have traditionally been cognizable only via § 1983, while challenges implicating the fact or duration of confinement must be brought through a habeas petition. Docken v. Chase, 393 F.3d 1024, 1026 (9th Cir. 2004).

//

A district court may construe a habeas petition by a prisoner attacking the conditions of his confinement as a civil rights action under 42 U.S.C. § 1983. See Wilwording v. Swenson, 404 U.S. 249, 251 (1971). The opposite is not true, however: A civil rights complaint seeking habeas relief should be dismissed without prejudice to bringing it as a petition for writ of habeas corpus. See Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995). Accordingly, if upon reflection, plaintiff finds that a federal habeas petition is the more proper avenue for his claims and the relief that he seeks, he must file a separate federal habeas action under 28 U.S.C. § 2254.

## CONCLUSION

For the foregoing reasons, the Court hereby orders as follows:

1. Plaintiff's complaint is DISMISSED with leave to amend.

2. Within **twenty-eight (28)** days from the date of this Order, plaintiff may, but is not required to, file an amended complaint to cure the deficiencies noted above, if he truthfully can do so. Plaintiff shall use the court's civil rights complaint form, a copy of which is provided herewith, and include in the caption both the case number of this action, No. C 15-4310 MEJ (PR), and the heading "AMENDED COMPLAINT." **Failure to file the amended complaint by the deadline will result in the dismissal of the action.**

3. Plaintiff is advised that an amended complaint supersedes the original complaint. "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint." London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981). Plaintiff may not incorporate material from the prior complaint by reference. Defendants not named in an amended complaint are no longer defendants. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).

4. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

4

5. The Clerk shall send plaintiff a blank civil rights form as well as the Court's form habeas petition along with his copy of this order.

IT IS SO ORDERED.

DATED: December 18, 2015

Maria-Elena James
United States Magistrate Judge